FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA** 2017 SEP 27  PM 1: 22
**FORT MYERS DIVISION**

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

|  |  |
|---|---|
| TUMI, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>M. CIAMPA ENTERPRISES, LLC, a Florida limited liability company, and KYLE CIAMPA, an individual, and JOHN DOES, 1-100, individually or as corporate/business entities,<br><br>Defendants. | **Case No.** _____<br>2:17-cv-536-FtM-99MRM<br><br>COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF 15 U.S.C. § 1114; 15 U.S.C. § 1125(a); 15 U.S.C. § 1125(c); FLA. STAT. § 501.204; TORTIOUS INTERFERENCE; AND RELATED CLAIMS; AND JURY DEMAND |

Plaintiff TUMI, Inc. ("TUMI") sues Defendants M. Ciampa Enterprises, LLC (M. Ciampa Enterprises), Kyle Ciampa ("Ciampa"), and John Does 1-100 ("Doe Defendants") (collectively, "Defendants") for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A), false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c), violations of the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.204, and tortious interference with contract, and allege as follows. These claims arise from Defendants' misappropriation of TUMI's trademarks in conjunction with Defendants' unlawful and unauthorized sale of TUMI's products on the Internet.

**PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff TUMI is a New Jersey corporation with its principal place of business in South Plainfield, New Jersey.

2.    Defendant M. Ciampa Enterprises is a Florida limited liability company, with its principal place of business in Estero, Florida, and that owns and operates, and does business as, the storefronts "Mason's Jar of Deals" on www.amazon.com ("Amazon") and www.amazon.ca

("Amazon.ca") and "mciampaenterprises" on www.ebay.com ("eBay").

3.      Defendant Ciampa is an individual who resides in Estero, Florida, who owns and operates, and does business as, the storefronts "Mason's Jar of Deals" on Amazon and Amazon.ca and "mciampaenterprises" on eBay, and who, on information and belief, is in control of, principal of, and is primarily responsible for, Defendant M. Ciampa Enterprises and its actions.

4.      The true names, involvement and capacities, whether individual, corporate, associated or otherwise of Doe Defendants 1 through 100 are unknown to TUMI. Therefore, TUMI sues these Doe Defendants by a fictitious name. TUMI is informed and believes, and on that basis alleges, that the Doe Defendants sued herein are equally responsible for the events and occurrences referred to herein or otherwise interested in the outcome of the dispute.  When the true names, involvement, and capacities of these parties are ascertained, TUMI will seek leave to amend this Complaint accordingly.

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for TUMI's claims that arise under federal law and 28 U.S.C. § 1367 for TUMI's claims that arise under state law because they form part of the same case or controversy as TUMI's claims that arise under federal law.

6.      This Court has personal jurisdiction over Defendant M. Ciampa Enterprises because it is a limited liability company in Florida, it operates, conducts, engages in, and carries on a business in Florida, has committed tortious acts within Florida, and is engaged in substantial, not isolated activity, within Florida.

7.      This Court has personal jurisdiction over Defendant Ciampa because he resides in Florida, operates, conducts, engages in, and carries on a business in Florida, has committed

2

tortious acts within Florida, and is engaged in substantial, not isolated activity, within Florida.

8.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

### TUMI And Its Trademarks

9.     TUMI markets and sells a variety of high-quality luggage, backpacks, bags, and accessories.   TUMI sells its products exclusively through its website, www.tumi.com, and through retailers who are expressly authorized by TUMI ("Authorized Dealers").

10.    TUMI devotes a significant amount of time, energy, and resources toward protecting the value of its brand, products, name, and reputation. By distributing products exclusively through Authorized Dealers and its website, TUMI ensures that customers receive the high quality products that they expect from TUMI.  In the highly competitive retail industry, quality is a fundamental part of a customer's decision to purchase a product.

11.    TUMI has registered trademarks with the United States Patent and Trademark Office with respect to its brand and products, including, TUMI® (U.S. Trademark Registration Nos. 4,667,720, 4,226,258, 3,245,012, and 3,217,010), TUMI ID LOCK® (U.S. Trademark Registration No. 5,078,075), DURAFOLD® (U.S. Trademark Registration No. 4,738,842), TUMI PAX® (U.S. Trademark Registration No. 4,714,083), HTLS POLYESTER® (U.S. Trademark Registration No. 3,987,234), TEGRA-LITE® (U.S. Trademark Registration No. (U.S. Trademark Registration No. 4,257,574), TUMI ZR3® (U.S. Trademark Registration No. 4,126,568), TUMI VAPOR® (U.S. Trademark Registration No. 3,954,605), PACK-A-WAY® U.S. Trademark Registration Nos. 4,003,706, 3,670,277), TUMI STAFFING® (U.S. Trademark

3

Registration No. 4,520,498), FXT BALLISTIC NYLON® (U.S. Trademark Registration No. 3,265,866), FXT® (U.S. Trademark Registration No. 3,234,649), SECURE SLIDE® (U.S. Trademark Registration No. 4,006,739), X-TECH® (U.S. Trademark Registration No. 3,856,675), X-BRACE 45 (U.S. Trademark Registration No. 3,842,892), TUMI SPORT® (U.S. Trademark Registration No. 3,746,628), TOWNHOUSE® (U.S. Trademark Registration No. 3,746,627), Q TOTE® (U.S. Trademark Registration No. 3,815,464), JUST IN CASE® (U.S. Trademark Registration No. 3,669,247), TUMI T-PASS® (U.S. Trademark Registration No. 3,794,222), T-PASS® (U.S. Trademark Registration No. 3,788,134), TUMI ALPHA® (U.S. Trademark Registration No. 3,667,395), T® (U.S. Trademark Registration No. 3,595,760), and T TECH® (U.S. Trademark Registration No. 3,538,207) (collectively, the "TUMI Trademarks").

12.     The registration for each of the TUMI Trademarks is valid, subsisting and in full force and effect.  Pursuant to 15 U.S.C. § 1065, the TUMI Trademarks serve as conclusive evidence of TUMI's ownership of the marks and of its exclusive right to use and direct the use of the marks in commerce and in connection with the sale and distribution of the TUMI products identified in the registrations, as provided by 15 U.S.C. § 1115(b).

13.     TUMI actively uses and markets the TUMI Trademarks in interstate commerce.

14.     Due to the quality and exclusive distribution of TUMI products, and because TUMI is uniquely recognized as the source of these high quality products, the TUMI Trademarks have considerable value.

**TUMI Restricts The Manner In Which Its Products Can Be Sold To Ensure Customers Receive The Genuine, High Quality Products They Expect From TUMI**

15.     TUMI maintains control over the quality of its products by conducting all sales of its products directly through its website and through Authorized Dealers. TUMI's ability to implement this control is essential to the integrity and quality of its products, as well as to the

4

value of its trademarks and other intellectual property.

16.     Authorized Dealers are required to abide by TUMI's Distribution Policy and other sales practices and policies (collectively, the "TUMI Rules"). The TUMI Rules restrict the manner in which TUMI products may be marketed and sold to prevent the resale of TUMI products by unauthorized sellers on the Internet and ensure that customers receive genuine TUMI products.

17.     It is only by limiting authorized sales to Authorized Dealers who have access to, and are required to follow, the TUMI Rules that TUMI is able to ensure the satisfaction of consumers and to maintain the integrity and reputation of the TUMI brand.

18.     The TUMI Rules prohibit Authorized Dealers from selling TUMI products to or through any third-party on-line website or marketplace, such as Amazon or Amazon.ca without its written approval. The TUMI Rules also prohibit Authorized Dealers from selling TUMI merchandise to or through eBay or any similar on-line auction site.

19.     The TUMI Rules also prohibit Authorized Dealers from selling TUMI products through a third party or selling products to a third party to be resold.

### The TUMI Warranty

20.     TUMI provides customers who purchase genuine TUMI products from www.tumi.com or an Authorized Dealer with the TUMI Limited Warranty (the "TUMI Warranty"). During the first year of ownership, the TUMI Warranty provides coverage for the cost to repair or replace any genuine TUMI product that was damaged, even by normal wear and tear, airline handling, or other transit damage. After the first year of ownership, the TUMI Warranty covers the cost to repair items damaged by normal wear and tear or which suffer a defect in materials or workmanship. The TUMI Warranty covers wallets, accessories, and

5

outerwear for a total of two years and covers travel bags, business cases, cross body bags, totes, backpacks, and handbags for a total of five years.

21.     The TUMI Warranty is only available for products purchased through authorized channels.  TUMI products sold by unauthorized sellers, or through unauthorized channels, are not covered by the TUMI Warranty, unless prohibited by law.

**TUMI Discovered Defendants' Unauthorized Sale of TUMI Products On The Internet**

22.     Due to the customer and reputational risks associated with the illegal sale of TUMI products by unauthorized Internet sellers, TUMI polices the sale of its products online.

23.     Through these efforts, TUMI discovered its products being illegally sold by Defendants on Amazon and Amazon.ca under the storefront name "Mason's Jar of Deals" and on eBay under the storefront name "mciampaenterprises."

24.     Defendants are not authorized sellers of TUMI products and Defendants' offering of TUMI products on these websites is in violation of the TUMI Trademarks and TUMI's applicable policies.

**Defendants Are Willfully Infringing TUMI's Trademarks**

25.     Defendants, without TUMI's authorization, have sold, and continue to sell, products bearing the TUMI Trademarks on Amazon, Amazon.ca, and eBay.

26.     On or about June 21, 2017, TUMI sent Defendants a cease and desist letter demanding that they stop selling TUMI products and remove all TUMI products from their storefronts on Amazon, Amazon.ca, eBay, and all other unauthorized websites.

27.     Defendants did not respond to the cease and desist letter and they continue to sell TUMI products through their storefronts on Amazon, Amazon.ca, and eBay.

28.     The unauthorized products Defendants sell are materially different than genuine

TUMI products, as they are not subject to the TUMI Rules and do not come with the TUMI Warranty, which are essential elements of TUMI products.

29.     As a result, Defendants have misled, and continue to mislead, consumers into believing they are purchasing genuine TUMI products when, in fact, they are not.

30.     Consumers who purchase TUMI products from Defendants are misled, confused, and deceived into believing they are buying genuine TUMI products, but they are not receiving the benefit of the TUMI Rules or the TUMI Warranty that accompanies genuine TUMI products.

### Defendants Are Tortiously Interfering With
### TUMI's Agreements With Its Authorized Dealers

31.     Upon information and belief, Defendants have purchased TUMI products from TUMI Authorized Dealers for purposes of reselling them on the Internet.

32.     Upon information and belief, Defendants knew that the TUMI Rules and TUMI's agreements with its Authorized Dealers prohibit the sale of TUMI products through third parties or to third parties for purposes of resale.

33.     Upon information and belief, Defendants willfully and knowingly induced unknown TUMI Authorized Dealers to breach the TUMI Rules and their agreements with TUMI so that they could acquire TUMI products and resell them.

### TUMI Has Suffered Significant Harm As A Result Of Defendants' Conduct

34.     TUMI has suffered and will continue to suffer significant monetary harm as a result of Defendants' actions including, but not limited to, loss of sales, damage to their intellectual property, and damage to their existing and potential business relations.

35.     TUMI has suffered, and will continue to suffer, irreparable harm as a result of Defendants' actions, including, but not limited to, irreparable harm to their reputation, goodwill, business and customer relationships, intellectual property rights and brand integrity.

36.     TUMI is entitled to injunctive relief because, unless enjoined by this Court, Defendants will continue to unlawfully sell TUMI products, causing continued irreparable harm to TUMI's reputation, goodwill, relationships, intellectual property and brand integrity.

37.     Defendants' conduct was and is knowing, intentional, willful, malicious, wanton and contrary to law.

38.     Defendants' willful violations of the TUMI Trademarks and continued pattern of misconduct demonstrate intent to harm TUMI.

### FIRST CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. §§ 1114 and 1125(a)(1)(A)

39.     TUMI hereby incorporates the allegations contained in the foregoing Paragraphs as if fully set forth herein.

40.     TUMI is the owner of the TUMI Trademarks.

41.     TUMI has registered the TUMI Trademarks with the United States Patent and Trademark Office.

42.     The TUMI Trademarks are valid and subsisting trademarks in full force and effect.

43.     Defendants willfully and knowingly used, and continue to use, the TUMI Trademarks in commerce for purposes of selling TUMI products on the Internet without the consent of TUMI.

44.     Defendants' use of the TUMI Trademarks in connection with the unauthorized sale of TUMI products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are the same as products legitimately bearing the TUMI Trademarks, and that the products originate from, or are sponsored, authorized, or

8

otherwise connected with, TUMI.

45.    Defendants' use of the TUMI Trademarks in connection with the sale of TUMI products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic TUMI products.

46.    The products sold by Defendants are not, in fact, genuine and authentic TUMI products.   The products sold by Defendants are materially different because, among other reasons, they are not subject to the TUMI Rules and do not come with the TUMI Warranty.

47.    Defendants' unauthorized use of the TUMI Trademarks has materially damaged the value of the TUMI Trademarks, caused significant damage to TUMI's business relations, and infringed on the TUMI Trademarks.

48.    As a result, TUMI has suffered, and continues to suffer immediate and irreparable harm.  TUMI has also suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

49.    Pursuant to 15 U.S.C. § 1116, TUMI is entitled to injunctive relief enjoining Defendants' infringing conduct.

50.    Pursuant to 15 U.S.C. § 1117(a), TUMI is entitled to an award of attorneys' fees.

51.    Wherefore, TUMI respectfully prays for relief and judgment against Defendants as follows:

    a.   That the Court find for TUMI against Defendants on the claim for federal trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a)(1)(a) in an amount to be determined at trial, including but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

b. That the Court enter an award of attorneys' fees, costs, and expenses;

c. That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count I;

d. That Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all those in active concert and participation with them (the "Enjoined Parties") be permanently enjoined and restrained from:

    i. advertising or selling, via the Internet or otherwise, any and all TUMI products as well as any products bearing any of the TUMI Trademarks;

    ii. using any of the TUMI Trademarks in any manner, including advertising on the Internet;

    iii. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all TUMI products as well as any products bearing any of the TUMI Trademarks; and

    iv. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the TUMI Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records

10

that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any TUMI products or any of the TUMI Trademarks;

f.  That the Enjoined Parties be ordered to take all action to remove from the Internet any of the TUMI Trademarks which associate TUMI products or the TUMI Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g.  That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized TUMI Trademarks from the Internet; and

h.  For an order granting any other and further relief as the Court deems just.

## COUNT II
### False Advertising
### 15 U.S.C. § 1125(a)(1)(b)

52.    TUMI hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

53.    TUMI is the owner of the TUMI Trademarks.

54.    TUMI has registered the TUMI Trademarks with the United States Patent and Trademark Office.

55.    The TUMI Trademarks are valid and subsisting trademarks in full force and effect.

11

56.     Defendants willfully and knowingly used, and continue to use, the TUMI Trademarks in interstate commerce for purposes of advertising, promoting, and selling TUMI products without TUMI's consent.

57.     Defendants' advertisements and promotions of their products unlawfully using the TUMI Trademarks have been disseminated to the relevant purchasing public.

58.     Defendants' use of the TUMI Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products misrepresents the nature, characteristics, qualities, and origin of Defendants' products.

59.     Defendants' use of the TUMI Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic TUMI products, and originate from, or are sponsored, authorized, or otherwise connected with TUMI.

60.     Defendants' unauthorized use of the TUMI Trademarks in advertising, and otherwise, infringes on the TUMI Trademarks.

61.     As a result, TUMI has suffered, and continues to suffer immediate and irreparable harm. TUMI has also suffered damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

62.     Pursuant to 15 U.S.C. § 1116, TUMI is entitled to injunctive relief enjoining Defendants' conduct.

63.     Pursuant to 15 U.S.C. § 1117(a), TUMI is entitled to an award of attorneys' fees.

64.     Wherefore, TUMI respectfully prays for relief and judgment against Defendants as follows:

a.  That the Court find for TUMI against Defendants on the claim for federal false advertising in violation of 15 U.S.C. § 1125(a)(1)(b) in an amount to be determined at trial, including but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

b.  That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count II;

d.  That the Enjoined Parties be permanently enjoined and restrained from:

    i.  advertising or selling, via the Internet or otherwise, any and all TUMI products as well as any products bearing any of the TUMI Trademarks;

    ii.  using any of the TUMI Trademarks in any manner, including advertising on the Internet;

    iii.  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all TUMI products as well as any products bearing any of the TUMI Trademarks; and

    iv.  disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the TUMI Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records

that would reflect the source of the products that Defendants have sold bearing these trademarks;

e. That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any TUMI products or any of the TUMI Trademarks;

f. That the Enjoined Parties be ordered to take all action to remove from the Internet any of the TUMI Trademarks which associate TUMI products or the TUMI Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g. That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized TUMI Trademarks from the Internet; and

h. For an order granting any other and further relief as the Court deems just.

## COUNT III
### Unfair Competition
### 15 U.S.C. § 1125(a)

65.    TUMI hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

66.    TUMI is the owner of the TUMI Trademarks.

67.    TUMI has registered the TUMI Trademarks with the United States Patent and Trademark Office.

68.    The TUMI Trademarks are valid and subsisting trademarks in full force and effect.

69.     Defendants have willfully and knowingly used, and continue to use, the TUMI Trademarks in interstate commerce for purposes of selling TUMI products without TUMI's consent.

70.     Defendants' use of the TUMI Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of TUMI products because it suggests that the products Defendants offer for sale originate from, or are sponsored, authorized, or otherwise connected with TUMI.

71.     Defendants' unauthorized sale of products bearing the TUMI Trademarks, and unauthorized use of the TUMI Trademarks in advertising materially damages the value of the TUMI Trademarks and causes significant damage to TUMI's business relations.

72.     Defendants' unauthorized sale of products bearing the TUMI Trademarks and unauthorized use of the TUMI Trademarks in advertising infringes on the TUMI Trademarks.

73.     As a result, TUMI has suffered, and continues to suffer immediate and irreparable harm. TUMI has also suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

74.     Pursuant to 15 U.S.C. § 1116, TUMI is entitled to injunctive relief enjoining Defendants' conduct.

75.     Pursuant to 15 U.S.C. § 1117(a), TUMI is entitled to an award of attorneys' fees.

76.     Wherefore, TUMI respectfully pray for relief and judgment against Defendants as follows:

> a. That the Court find for TUMI against Defendants on the claim for federal unfair competition in violation of 15 U.S.C. § 1125(a) in an amount to be

determined at trial, including but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

b. That the Court enter an award of attorneys' fees, costs, and expenses;

c. That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count III;

d. That the Enjoined Parties be permanently enjoined and restrained from:

    i. advertising or selling, via the Internet or otherwise, any and all TUMI products as well as any products bearing any of the TUMI Trademarks;

    ii. using any of the TUMI Trademarks in any manner, including advertising on the Internet;

    iii. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all TUMI products as well as any products bearing any of the TUMI Trademarks; and

    iv. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the TUMI Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

16

e. That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any TUMI products or any of the TUMI Trademarks;

f. That the Enjoined Parties be ordered to take all action to remove from the Internet any of the TUMI Trademarks which associate TUMI products or the TUMI Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g. That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized TUMI Trademarks from the Internet; and

h. For an order granting any other and further relief as the Court deems just.

## COUNT IV
### Trademark Dilution
### 15 U.S.C. § 1125(c)

77.     TUMI hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

78.     TUMI is the owner of the TUMI Trademarks.

79.     TUMI has registered the TUMI Trademarks with the United States Patent and Trademark Office.

80.     The TUMI Trademarks are valid and subsisting trademarks in full force and effect.

81.     The TUMI Trademarks are famous, distinctive, and widely recognized marks by the consuming public.

82.     TUMI has expended substantial time, money, and resources advertising and promoting its products with the TUMI Trademarks.

17

83.     The TUMI Trademarks are the means by which TUMI products are distinguished from others in the marketplace.

84.     As a result of TUMI's long, continuous, and exclusive use of the TUMI Trademarks, the TUMI Trademarks have acquired a secondary meaning associated by consumers and the public.

85.     TUMI is widely recognized as the designated source of goods bearing the TUMI Trademarks.

86.     Defendants have willfully and knowingly used the TUMI Trademarks in connection with the unauthorized and illegal sale of products.

87.     Defendants' willful use of the TUMI Trademarks in connection with the unauthorized and illegal sale of its products dilutes the TUMI Trademarks because the products Defendants sell are not, in fact, genuine and authentic TUMI products.

88.     As a result of Defendants' unlawful actions, the reputation of the TUMI Trademarks has been, and continues to be harmed, and TUMI has suffered, and continues to suffer, immediate and irreparable injury.

89.     TUMI has also suffered damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

90.     Pursuant to 15 U.S.C. § 1116, TUMI is entitled to injunctive relief enjoining Defendants' misconduct.

91.     Pursuant to 15 U.S.C. § 1117(a), TUMI is entitled to an award of attorneys' fees.

92.     Wherefore, TUMI respectfully prays for relief and judgment against Defendants as follows:

a. That the Court find for TUMI against Defendants on the claim for federal trademark dilution in violation of 15 U.S.C. § 1125(c) in an amount to be determined at trial, including but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

b. That the Court enter an award of attorneys' fees, costs, and expenses;

c. That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count IV;

d. That the Enjoined Parties be permanently enjoined and restrained from:

    i. advertising or selling, via the Internet or otherwise, any and all TUMI products as well as any products bearing any of the TUMI Trademarks;

    ii. using any of the TUMI Trademarks in any manner, including advertising on the Internet;

    iii. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all TUMI products as well as any products bearing any of the TUMI Trademarks; and

    iv. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the TUMI Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records

19

that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any TUMI products or any of the TUMI Trademarks;

f.  That the Enjoined Parties be ordered to take all action to remove from the Internet any of the TUMI Trademarks which associate TUMI products or the TUMI Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g.  That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized TUMI Trademarks from the Internet; and

h.  For an order granting any other and further relief as the Court deems just.

<u>**COUNT V**</u>
**Common Law Trademark Infringement**

93.     TUMI hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

94.     TUMI is the owner of the TUMI Trademarks.

95.     TUMI has registered the TUMI Trademarks with the United States Patent and Trademark Office.

96.     The TUMI Trademarks are valid and subsisting trademarks in full force and effect.

20

97.     The TUMI Trademarks are distinctive and widely recognized by the consuming public. TUMI products are sold and purchased through its Authorized Dealers throughout the United States, including Florida.

98.     TUMI is widely recognized as the designated source of goods bearing the TUMI Trademarks.

99.     Defendants willfully and knowingly used, and continue to use, the TUMI Trademarks in interstate commerce for purposes of selling TUMI products on the Internet without TUMI's consent.

100.    Defendants' knowing and willful use of the TUMI Trademarks without TUMI's consent in connection with the unauthorized and illegal sale of their products infringes on the TUMI Trademarks and is contrary to honest practice in industrial or commercial matters.

101.    Defendants' knowing and willful use of the TUMI Trademarks in connection with the unauthorized and illegal sale of their products without TUMI's consent is likely to cause confusion, mistake, or deceive because it suggests that the products Defendants offer for sale are the same as the products legitimately bearing the TUMI Trademarks, and that the products originate from, or are sponsored, authorized, approved or otherwise connected with TUMI.

102.    Defendants use of the TUMI Trademarks in connection with the sale of their products is likely to cause confusion, mistake or deceive because it suggests that the products Defendants offer for sale are genuine and authentic TUMI products when, in fact, they are not.

103.    Defendants' unlawful actions and unauthorized use of the TUMI Trademarks has materially damaged the value of the TUMI Trademarks, caused significant damage to TUMI's business relations, and infringed on TUMI's trademarks.

104.    As a result, TUMI has suffered, and continues to suffer, immediate and irreparable harm. TUMI has also suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

105.    TUMI is also entitled to punitive damages because Defendants' misconduct was intentional and/or grossly negligent.

106.    Wherefore, TUMI respectfully prays for relief and judgment against Defendants as follows:

   a. That the Court find for TUMI against Defendants on the claim for common law trademark infringement in an amount to be determined at trial, including but not limited to, compensatory damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

   b. That the Court enter an award of attorneys' fees, costs, and expenses;

   c. That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count V;

   d. That the Enjoined Parties be permanently enjoined and restrained from:

      i. advertising or selling, via the Internet or otherwise, any and all TUMI products as well as any products bearing any of the TUMI Trademarks;

      ii. using any of the TUMI Trademarks in any manner, including advertising on the Internet;

      iii. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or

displaying any and all TUMI products as well as any products bearing any of the TUMI Trademarks; and

iv. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the TUMI Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e. That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any TUMI products or any of the TUMI Trademarks;

f. That the Enjoined Parties be ordered to take all action to remove from the Internet any of the TUMI Trademarks which associate TUMI products or the TUMI Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g. That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized TUMI Trademarks from the Internet; and

h. For an order granting any other and further relief as the Court deems just.

### COUNT VI
**Violation of the Florida Unfair and Deceptive Trade Practices Act**
**Fla. Stat. § 501.201, *et seq.***

107.    TUMI hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

108.    The TUMI Trademarks are valid and subsisting trademarks in full force and effect.

109.    Defendants willfully and knowingly used, and continue to use, the TUMI Trademarks in commerce in connection with the sale and advertising of products without TUMI's consent.

110.    Defendants' use of the TUMI Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of TUMI products because it suggests that the products Defendants offer for sale originate from, or are sponsored, authorized, or otherwise connected with TUMI.

111.    Defendants' unauthorized sale of products bearing the TUMI Trademarks, and unauthorized use of the TUMI Trademarks in advertising constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201, *et seq.*

112.    Defendants' unauthorized sale of products bearing the TUMI Trademarks, and unauthorized use of the TUMI Trademarks in advertising materially damages the value of the TUMI Trademarks and causes significant damages to TUMI's business relations.

113.    As a result, TUMI has suffered, and continues to suffer immediate and irreparable harm. TUMI has also suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

114.    Pursuant to Florida Statute § 501.211(1), TUMI is entitled to injunctive relief enjoining Defendants' conduct.

115.   Pursuant to Florida Statute § 501.211(3), TUMI is entitled to an award of attorneys' fees.

116.   Wherefore, TUMI respectfully prays for relief and judgment against Defendants as follows:

   a.   That the Court find for TUMI against Defendants on the claim for violations of the Florida Unfair and Deceptive Trade Practices Act in an amount to be determined at trial, including but not limited to, compensatory damages, statutory damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

   b.   That the Court enter an award of attorneys' fees, costs, and expenses;

   c.   That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count VI;

   d.   That the Enjoined Parties be permanently enjoined and restrained from:

      i.   advertising or selling, via the Internet or otherwise, any and all TUMI products as well as any products bearing any of the TUMI Trademarks;

      ii.   using any of the TUMI Trademarks in any manner, including advertising on the Internet;

      iii.   importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all TUMI products as well as any products bearing any of the TUMI Trademarks; and

iv. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the TUMI Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e. That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any TUMI products or any of the TUMI Trademarks;

f. That the Enjoined Parties be ordered to take all action to remove from the Internet any of the TUMI Trademarks which associate TUMI products or the TUMI Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g. That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized TUMI Trademarks from the Internet; and

h. For an order granting any other and further relief as the Court deems just.

## COUNT VII
### Tortious Interference with Contract and/or Business Relationships

117.   TUMI hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

118.   TUMI has entered into agreements and business relationships with Authorized Dealers to sell TUMI products.   These agreements and the TUMI rules prohibit TUMI's

Authorized Dealers from selling TUMI products through third parties or to third parties for purposes of resale.

119.    Defendants knew that the TUMI Rules and TUMI's agreements with its Authorized Dealers prohibit TUMI's Authorized Dealers from selling TUMI products through third parties or to third parties for purposes of resale.

120.    Defendants willfully and knowingly interfered with the TUMI Rules and the agreements between TUMI and its Authorized Dealers by acquiring TUMI products from TUMI Authorized Dealers for the purpose of reselling those products on the Internet.

121.    Defendants acted with a wrongful purpose by acquiring TUMI products for the purpose of reselling those products on the Internet in violation of the TUMI Rules and TUMI's agreements with its Authorized Dealers.

122.    Defendants' actions have caused injury to TUMI for which TUMI is entitled to compensatory damages in an amount to be proven at trial.

123.    Defendants are also liable for punitive damages because their misconduct was intentional and/or grossly negligent.

124.    Wherefore, TUMI respectfully prays for relief and judgment against Defendants as follows:

    a.    That the Court find for TUMI against Defendants on the claim for tortious interference with contract in an amount to be determined at trial, including but not limited to, compensatory damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

    b.    That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count VII; and

d.  For an order granting any other and further relief as the Court deems just.

## JURY DEMAND

TUMI demands a trial by jury on all claims and issues so triable.

_Liana H. Hollingsworth_
Liana R. Hollingsworth

Dated: September 26, 2017                Respectfully submitted,

_Liana H. Hollingsworth_
Daren S. Garcia, Esq.
Florida Bar No. 592609
VORYS, SATER, SEYMOUR AND PEASE LLP
500 Grant Street, Suite 4900
Pittsburgh, Pennsylvania, 15219-2502
Telephone: (412) 904-7700
Facsimile: (412) 904-7817
E-mail: dsgarcia@vorys.com

Liana R. Hollingsworth
Florida Bar No. 0076930
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6152
Fax: (216) 937-3406
E-mail: lrhollingsworth@vorys.com

*Counsel for TUMI, Inc.*

28