### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

TUMI, INC., a New Jersey corporation

      Plaintiff,

v.                              Case No.: 2:17-cv-536-FtM-99-MRM

M. CIAMPA ENTERPRISES, LLC, a
Florida limited liability company, and KYLE
CIAMPA, an individual, and JOHN DOES,
1-100, individually or as corporate/business
Entities,

      Defendants.

_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant/Counter-Plaintiffs, M. CIAMPA ENTERPRISES, LLC, a Florida limited liability company and KYLE CIAMPA, an individual (hereinafter collectively "CIAMPA"), by and through their undersigned attorneys, in response to the Complaint file this Answer, Affirmative Defenses, and Counterclaims against Plaintiff/Counter-Defendant TUMI, INC. ("TUMI") and answer and say as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny same.

2.      Admitted.

3.      Admitted.

4.      CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny same.

5.      Admitted that this Court has subject matter jurisdiction for TUMI's claims but denied that TUMI is entitled to any relief.

6.      Admitted that this Court has jurisdiction over M. CIAMPA ENTERPRISES. Denied that M. CIAMPA ENTERPRISES has committed any tortious acts.

7.      Admitted that this Court has jurisdiction over KYLE CIAMPA.  Denied that KYLE CIAMPA has committed any tortious acts.

8.      Admitted.

## FACTUAL ALLEGATIONS

9.      CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny same.

10.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny same.

11.     Admitted that at one time all of the marks identified in Paragraph 11 were registered with the United States Patent and Trademark Office.

12.     Denied that each of the identified TUMI trademarks are valid, subsisting and in full force and effect.  CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny same.

13.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny same.

14.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny same.

15.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny same.

16.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny same.

17.     Denied.

18.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny same.

19.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny same.

20.     Admitted that TUMI provides a limited warranty on its products.  CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore deny same.

21.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore deny same.

22.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny same.

23.     CIAMPA admits that it sells TUMI products but denies that it has done anything illegal.

24.     Admitted that CIAMPA is not an authorized TUMI dealer.  The remaining allegations in Paragraph 24 are denied.

25.     Admitted that CIAMPA sells TUMI products.  The remaining allegations in Paragraph 25 are denied.

26.     Admitted.

27.     Admitted.

28.     Denied that the products sold by CIAMPA are materially different.  Denied that the TUMI Rules and TUMI warranty are essential elements of TUMI products.

29.     Denied.

30.     Denied.

31.     Admitted.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied that TUMI is entitled to any relief and denied that TUMI has or will suffer any harm.

37.     Denied.

38.     Denied.

## FIRST CAUSE OF ACTION

39.     CIAMPA restates and re-adopts its prior answers to Paragraphs 1 – 38 above as if fully set forth herein.

40.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore deny same.

41.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore deny same.

42.     Denied.

43.     Admitted that Defendant uses the TUMI trademark in connection with its sale of genuine TUMI products.  The remaining allegations contained in Paragraph 43 are denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied that TUMI is entitled to any relief.

<u>COUNT II</u>

52.     CIAMPA restates and re-adopts its prior answers to Paragraphs 1 – 51 above.

53.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny same.

54.     Admitted that some of the TUMI Trademarks are registered with the United States Patent and Trademark Office.

55.     Denied.

56.     Admitted that CIAMPA sells some TUMI products in interstate commerce. CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore deny same.

57.     Denied that CIAMPA has done anything unlawful.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied that TUMI is entitled to any relief.

<u>COUNT III</u>

65.     CIAMPA restates and re-adopts its prior answers to Paragraphs 1 – 64 above.

66.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny same.

67.     Admitted that some of the TUMI Trademarks are registered with the United States Patent and Trademark Office.

68.     Denied.

69.     Admitted that CIAMPA sells some TUMI products in interstate commerce. CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and therefore deny same.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied that TUMI is entitled to any relief.

<u>COUNT IV</u>

77.     CIAMPA restates and re-adopts its prior answers to Paragraphs 1 – 76 above.

6

78.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny same.

79.     Admitted that some of the TUMI Trademarks are registered with the United States Patent and Trademark Office.

80.     Denied.

81.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore deny same.

82.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore deny same.

83.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore deny same.

84.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore deny same.

85.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore deny same.

86.     Denied that CIAMPA's sales of products are unauthorized or illegal.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied that TUMI is entitled to any relief.

## COUNT V

93.     CIAMPA restates and re-adopts its prior answers to Paragraphs 1 – 92 above.

94.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore deny same.

95.     Admitted that some of the TUMI Trademarks are registered with the United States Patent and Trademark Office.

96.     Denied.

97.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore deny same.

98.     CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore deny same.

99.     Admitted that CIAMPA sells TUMI products.  Denied that TUMI's consent is necessary or required.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied that TUMI is entitled to any relief.

## COUNT VI

107.    CIAMPA restates and re-adopts its prior answers to Paragraphs 1 – 106 above.

108.    CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore deny same.

109.    Admitted that CIAMPA sells some TUMI products in interstate commerce. CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109 and therefore deny same.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied that TUMI is entitled to any relief.

<u>COUNT VII</u>

117.    CIAMPA restates and re-adopts its prior answers to Paragraphs 1 – 116 above.

118.    CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore deny same.

119.    CIAMPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore deny same.

120.    Admitted that CIAMPA purchases TUMI products from TUMI Authorized Dealers and resells these products.  The remaining allegations in Paragraph 120 are denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.   Denied that TUMI is entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### First Sale Doctrine

CIAMPA's sales of genuine TUMI products are protected by the First Sale Doctrine.

### Second Affirmative Defense
### Fair Use

Any use of the TUMI Trademarks by CIAMPA is fair use, nominative fair use and/or descriptive use and not trademark use.

### Third Affirmative Defense
### Failure to State a Claim

The allegations of TUMI's Complaint fail to state a claim upon which relief can be granted.

### Fourth Affirmative Defense
### Unclean Hands

TUMI's efforts to prevent CIAMPA from selling genuine TUMI products is an illegal restraint on alienation of property.  Moreover, TUMI is violating Anti-Trust laws which are designed to protect commerce and trade against unlawful restraints, price fixing, and monopolies.

### Fifth Affirmative Defense
### Functionality

The allegations made in the Complaint are barred, in whole or in part, on the basis that any marks and use of marks at issue are functional.

## Sixth Affirmative Defense
## Laches

TUMI's claims are barred by laches, in that TUMI has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of CIAMPA's actions.

## Seventh Affirmative Defense
## Waiver, Acquiescence, and Estoppel

Each of the purported claims set forth in the Complaint are barred by the doctrines of waiver, acquiescence, and estoppel.

## Eighth Affirmative Defense
## Non-Infringement

CIAMPA has not infringed any applicable trademarks under federal, state or common law.

## Ninth Affirmative Defense
## No Causation

TUMI's claims against CIAMPA are barred because TUMI's damages, if any, were not caused by CIAMPA.

## Tenth Affirmative Defense
## No Damage

Without admitting that the Complaint even states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against CIAMPA in the Complaint and the relief prayed for in the Complaint therefore cannot be granted.

**Additional Affirmative Defenses**

CIAMPA reserves its rights to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, CIAMPA prays for judgment as follows:

1.     That TUMI takes nothing by way of its Complaint;

2.     That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

3.     That CIAMPA be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4.     For such other and further relief as the Court deems just and proper.

## DEFENDANT/COUNTER-PLAINTIFFS' COUNTERCLAIMS AGAINST TUMI, INC. FOR DECLARATORY JUDGMENT AND UNFAIR COMPETITION

### THE PARTIES

1.     Defendant/Counter-plaintiff, M. CIAMPA ENTERPRISES, LLC d/b/a MASON'S JAR OF DEALS is a Florida limited liability company with its principal place of business in Estero, Florida.

2.     Defendant/Counter-plaintiff KYLE CIAMPA is an individual residing in Estero, Florida.

3.     Plaintiff/Counter-defendant, TUMI, INC. ("TUMI") is a New Jersey Corporation with its principal place of business in South Plainfield, New Jersey.

JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §

1131, and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United

States, and on 28 U.S.C. § 2201, the Federal Declaratory Judgment Act.

5.      Subject matter jurisdiction is further founded on 28 U.S.C. § 1367(a) as a matter

under the Court's supplemental jurisdiction over state law claims so related to the federal issues in

the action that they form part of the same case or controversy.

6.      This Court has personal jurisdiction over TUMI by virtue of TUMI's election to

file suit in this District.

7.      Venue is proper pursuant to 28 U.S.C. § 1391.


ALLEGATIONS COMMON TO ALL COUNTS

8.      M. CIAMPA ENTERPRISES, LLC d/b/a MASON'S JAR OF DEALS by and

through its managing member KYLE CIAMPA (hereinafter collectively "CIAMPA") operate an

online business through Amazon and EBay which provides customers the opportunity to purchase

a variety of products including genuine TUMI products.

9.      CIAMPA has been selling genuine TUMI products through EBay and Amazon

since at least as early as 2005.

10.     CIAMPA purchases all of its TUMI products from authorized TUMI dealers.

Approximately 90% of CIAMPA's TUMI products are purchased from TUMI outlet stores.

11.     The majority of TUMI products purchased and sold by CIAMPA are discontinued

TUMI products and no longer available through TUMI's website or in any of the authorized TUMI

stores.

12.     CIAMPA's sales of new, genuine but discontinued TUMI products fulfills a need unmet by TUMI as customers are able, through CIAMPA, to obtain a matching piece to a set of TUMI luggage they already own.

13.     CIAMPA states clearly on his Amazon and EBay storefronts that it is not an "authorized" dealer of TUMI products.

14.     TUMI currently allows the sales of its products on Amazon and upon information and belief has even made Amazon an "authorized" dealer of TUMI products.

15.     CIAMPA does not undercut TUMI's standard pricing for the products, nor does CIAMPA compete with TUMI as the products offered and sold by CIAMPA are TUMI products that are no longer available to consumers through TUMI.

16.     Upon information and belief, TUMI has purchased, or induced others to purchase the TUMI products from CIAMPA and thus knows that the TUMI products sold by CIAMPA are in fact genuine TUMI products and shipped and sold in their original packaging.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment of Non-Infringement**
**(28 U.S.C. §2201)**

17.     CIAMPA incorporates by reference the allegations contained in Paragraphs 1 – 16 above as if fully set forth herein.

18.     CIAMPA's use of the TUMI marks in connection with CIAMPA's sale of TUMI products manufactured by TUMI is fair use and does not infringe any federal, state or common law trademark.

19.     By accusing CIAMPA of federal and common law trademark infringement and unfair competition and filing a Complaint against CIAMPA, TUMI has created a present and actual controversy between the parties.

20.     TUMI's actions have caused CIAMPA to bring this action which is the only means for it to maintain its lawful sale of TUMI products.

21.     CIAMPA's remedy at law for TUMI's prayer for an injunction against CIAMPA is not adequate to compensate it for the injuries threatened or inflicted by TUMI.

22.     CIAMPA requests that this Court declare and adjudicate the parties respective rights and duties with respect to CIAMPA's fair use of the trademarks owned, associated with, or allegedly owned by TUMI.

## SECOND CAUSE OF ACTION
### Unfair Competition

23.     CIAMPA incorporates by reference the allegations contained in Paragraphs 1 – 16 above as if fully set forth herein.

24.     Upon information and belief, the purpose of TUMI's filing the Complaint against CIAMPA is to control discriminatory exclusive distribution policies and not to enforce the TUMI trademarks.

25.     TUMI knows or should know that its claims of trademark infringement are without merit.

26.     TUMI's claims of trademark infringement are false, are known by them to be false, and were brought only to deprive CIAMPA of the benefits of the fair use of the terms by which CIAMPA sells consumers the genuine TUMI products.

27.     TUMI has invoked spurious claims under trademark law and other claims in an attempt to obtain a business advantage beyond the rights afforded TUMI under the Lanham Act or other such applicable laws.

28.     TUMI's actions constitute unfair business practices under applicable state and federal laws.

29.     TUMI's actions are unlawful, unfair, wrongful, malicious, and fraudulent in that they constitute misuse of federal and common law trademark law, the making of frivolous trademark infringement claims, tortuous interference with prospective economic advantage, trademark misuse, malicious prosecution, misrepresentation, and other forms of unfair competition, all in order to secure a business asset belonging to CIAMPA.

30.     CIAMPA has suffered and will continue to suffer economic harm from TUMI's actions.


## JURY DEMAND

CIAMPA hereby demands a jury trial on all issues raised in this action so triable.


## PRAYER FOR RELIEF

WHEREFORE, M. CIAMPA ENTERPRISES, LLC d/b/a MASON'S JAR OF DEALS prays for judgment against TUMI, INC. as follows:

1.     For a declaration that CIAMPA's use of the various trademarks and alleged trademarks associated with TUMI does not infringe any trademark or other right held by TUMI;

2.     That TUMI, its officers, directors, servants, employees, attorneys, agents, representatives, distributors, and all persons in active concert or participation with them, be enjoined and restrained permanently from interfering with CIAMPA's use of the various trademarks and alleged trademarks associated with TUMI products;

3.     For any and all damages to be proven at trial;

4.     For punitive damages;

5.     That TUMI take nothing from CIAMPA;

6.     For reasonable attorneys' fees and costs; and

7.     Such other relief as the Court deems just and proper.

Dated: November 9th 2017

Respectfully submitted,

By: *Erica R. Loeffler*

Edward M. Livingston, Esq.
Florida Bar No. 251879
Reg. Patent Atty. No. 28,523
Ed@lliplaw.com

Erica L. Loeffler, Esq.
Florida Bar No. 852201
erica@lliplaw.com

LIVINGSTON LOEFFLER, P.A.
963 Trail Terrace Dr.
Naples, FL 34103
(239) 262-8502
(239) 261-3773 (fax)

Attorneys for Defendant/Counter-Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 9, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent via email and First Class Mail Defendants' Answer Affirmative Defenses and Counterclaims to Daren S. Garcia, Esq. dsgarcia@vorys.com and Liana Rose Hollingsworth, Esq. lrhollingsworth@vorys.com, Vorys, Sater, Seymour and Pease, LLP, 200 Public Square, Suite 1400, Cleveland, Ohio 44114

By: *Erica R. Loeffler*
Erica L. Loeffler, Esq.